**ON PETITION FOR REHEARING**

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

ALLEN JETT,

        *Defendant-Appellant.*

No. 02-4827

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

ANTOINE DePAUL MARSHALL, a/k/a
Chim Chim, a/k/a Antone Depaul
Marshall,

        *Defendant-Appellant.*

No. 02-4828

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, Senior District Judge.
(CR-96-458-WMN)

Submitted: June 25, 2003

Decided: July 31, 2003

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Anthony D. Martin, SOLOMON & MARTIN, Greenbelt, Maryland; Thomas T. Ruffin, Jr., Washington, D.C., for Appellants. Thomas M. DiBiagio, United States Attorney, Jamie M. Bennett, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Allen Jett and Antoine DePaul Marshall filed a petition for panel rehearing and rehearing en banc from the decision of this Court on May 20, 2003, affirming the sentences imposed by the district court. See *United States v. Jett*, No. 02-4827(L) (4th Cir. May 20, 2003). In the petition for rehearing, Marshall asserts that we erred in applying a plain error standard of review to his claim that the district court erred by imposing a five-year term of supervised release when it resentenced him because no more than a three-year term was authorized under 18 U.S.C. § 3559(a)(3). Upon a review of the record, we find that Marshall is correct as to his argument with respect to plain error, for he did raise this issue at resentencing and on appeal, and we should have applied a *de novo* standard of review. See *United States v. Daughtrey*, 874 F.2d 213, 218 (4th Cir. 1989). We therefore rehear the case and issue this opinion.

Upon *de novo* review on rehearing, we nevertheless affirm the holding of the district court based on our holding in *United States v. Pratt*, 239 F.3d 640, 647 (4th Cir. 2001) (holding that the statutory cap in § 3583 "does not apply to statutes, such as § 841(b)(1)(C), whose own mandatory *minimum* periods of supervised release are the same as, or exceed, the *maximum* periods provided by § 3583"). Marshall suggests that we overrule *Pratt*; however, a panel of this court

cannot overrule a prior panel. *Mentavlos v. Anderson*, 249 F.3d 301, 312 n.4 (4th Cir. 2001).

With respect to the other issues raised in the petition for rehearing, we are of opinion these claims are meritless. We therefore affirm the sentences imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

There has been no request for a poll of the Court on the petition for rehearing en banc; therefore, the petition for rehearing en banc is denied.

*AFFIRMED*